# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MARCELLA GUTIERREZ,

Defendant.

No. CR07-4096-MWB

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA**

_____

## *I. INTRODUCTION AND BACKGROUND*

On December 28, 2007, an information was filed against defendant Marcella Gutierrez, charging defendant with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On January 3, 2008, defendant appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the information. On this same date, Judge Zoss filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant's plea in this case.

## *II. ANALYSIS*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

court may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge.
The judge may also receive further evidence or recommit the
matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements);
N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but
not articulating any standards to review the magistrate judge's report and
recommendation). While examining these statutory standards, the United States Supreme
Court explained:

Any party that desires plenary consideration by the Article III
judge of any issue need only ask. Moreover, while the statute
does not require the judge to review an issue *de novo* if no
objections are filed, it does not preclude further review by the
district judge, *sua sponte* or at the request of a party, under a
*de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any
issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files
an objection to the magistrate judge's report and recommendation, however, the district
court *must* "make a de novo determination of those portions of the report or specified
proposed findings or recommendations to which objection is made." 28 U.S.C.
§ 636(b)(1). In the absence of an objection, the district court is not required "to give any
more consideration to the magistrate's report than the court considers appropriate."
*Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the
magistrate judge's report and recommendation under a clearly erroneous standard of
review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no
objections are filed and the time for filing objections has expired, "[the district court judge]

would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").  After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation.  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Therefore, the court **accepts** Judge Zoss's Report and Recommendation, and accepts defendant's plea of guilty in this case to Count 1 of the information.

    **IT IS SO ORDERED.**

    **DATED** this 25th day of January, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA